**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SAP AMERICA, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:10-cv-01224 |
| v. | § | |
| | § | JURY DEMANDED |
| WELLOGIX, INC. and | § | |
| WELLOGIX TECHNOLOGY | § | |
| LICENSING LLC, | § | |
| | § | |
| *Defendant*s, *Counter-Plaintiffs,* | § | |
| | § | |
| V | § | |
| | § | |
| SAP AMERICA, INC., SAP A.G., | § | |
| and ACCENTURE, LLP, | § | |
| | § | |
| *Counter-Defendants.* | § | |

**DEFENDANTS WELLOGIX, INC. AND WELLOGIX TECHNOLOGY
LICENSING'S AMENDED ANSWER AND AMENDED COUNTERCLAIMS**

Defendant Wellogix, Inc. ("Wellogix") and Defendant Wellogix Technology
Licensing, LLC ("WTL"), collectively referred to as "Defendants" file this Amended
Answer and Counterclaims in response to Plaintiff SAP America's ("SAP") Complaint
for Declaratory Relief, and would respectfully show as follows:

**I.    AMENDED ANSWER**

**INTRODUCTION AND BACKGROUND**

1.     Defendants are without sufficient information to admit or deny the
allegations in paragraphs 1 and 2.

2.     WTL is without sufficient information to admit or deny the allegations in
paragraph 3.  Wellogix admits the allegations in paragraph 3.

1

3.      WTL is without sufficient information to admit or deny the allegations in paragraph 4.  Wellogix admits the allegations in paragraph 4.

4.      WTL admits the allegations of paragraph 5.  Wellogix admits that U.S. Patent 7,043,486 ("the '486 patent") has issued and with respect to the ownership allegation.

5.      WTL admits the allegations of paragraph 6.  Wellogix admits that U.S. Patent 7,096,233 ("the '233 patent") has issued.

6.      WTL admits the allegations of paragraph 7.  Wellogix admits that U.S. Patent 7,155,439 ("the '439 patent") has issued

7.      WTL admits the allegations of paragraph 8.  Wellogix admits that U.S. Patent 7,293,029 ("the '029 patent") has issued.

8.      WTL admits the allegations of paragraph 9.  Wellogix admits that U.S. Patent 7,669,133 ("the '133 patent") has issued.

9.      As they relate to Wellogix, Wellogix admits the allegations in paragraph 10.  Wellogix is without sufficient knowledge or information to form a belief as to the allegations in paragraph 10 as they relate to other defendants, and therefore denies those allegations.  WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 10 as they relate to other defendants, and therefore denies those allegations.

10.     Wellogix admits the allegations in paragraph 11.  WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 11 as they relate to other defendants, and therefore denies those allegations.

11.    WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 12 as they relate to other defendants, and therefore denies those allegations.  Wellogix denies the allegation in the last sentence of paragraph 12. Wellogix admits the balance of the allegations in paragraph 12.

12.    WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 13 as they relate to other defendants, and therefore denies those allegations.  Wellogix denies the allegation in the last sentence of paragraph 13. Wellogix admits the balance of the allegations in paragraph 13.

13.    Wellogix admits the allegations of paragraph 14.  WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 14 as they relate to other defendants, and therefore denies those allegations.

14.    Wellogix admits the allegations of paragraph 15.  WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 15 as they relate to other defendants, and therefore denies those allegations.

15.    Admitted that SAP has been offered a license under one or more Wellogix Patents because SAP infringes one or more of Wellogix Patents.  Defendants otherwise deny the remaining allegations in paragraph 16.

16.    Admitted that SAP has been offered a license under one or more Wellogix Patents because SAP infringes one or more of Wellogix Patents.  Defendants otherwise deny the remaining allegations in paragraph 17.

17.    Wellogix admits the allegations of paragraph 18.  WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 18 as they relate to other defendants, and therefore denies those allegations.

18.     Wellogix admits the allegations of paragraph 19. WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 19 as they relate to other defendants, and therefore denies those allegations.

19.     Wellogix admits the allegations of paragraph 20. WTL is without sufficient knowledge or information to form a belief as to the allegations in paragraph 20 as they relate to other defendants, and therefore denies those allegations.

20.     Defendants are without sufficient information to admit or deny the allegations in paragraph 21.

21.     Wellogix admits the allegations of paragraph 22-25. WTL is without sufficient information to admit or deny the allegations in paragraph 22 – 25 as to any allegations as they relate to other defendants, and therefore denies those allegations.

22.     Wellogix admits the allegations of paragraph 26 to the extent that the quoted statement reflects the statements contained in the transcript, but not to SAP's characterization of the transcript, which Wellogix denies. WTL admits the allegations of paragraph 26 to the extent that the quoted statement reflects the statements contained in the transcript; however, WTL is without sufficient information to admit or deny the remainder of paragraph 26, including SAP's characterization of the transcript.

23.     Wellogix admits that Wellogix, BP, and Accenture conducted a Rule 30(b)(6) deposition of SAP America, Inc. on March 25, 2010, at the law offices of Jones Day in Houston, Texas. Wellogix denies the remainder of the allegations in paragraph 27. WTL is without sufficient information to admit or deny the allegations in paragraph 27.

24.     Defendants deny the allegations of paragraph 28.

25.     Defendants are without sufficient information to admit or deny the allegations in paragraph 29.

26.     Admitted that SAP and others infringe the valid patent rights held by WTL, but Defendants deny the remaining allegations of paragraph 30.

27.     Admitted that SAP filed the present declaratory judgment action, but Defendants deny the remaining allegations of paragraph 31.

### THE PARTIES

28.     Defendants admit the allegations in paragraph 32-34.

### JURISDICTION AND VENUE

29.     Admitted that SAP filed the present declaratory judgment action, but Defendants deny the remaining allegations of paragraph 35.

30.     Defendants admit the allegations in paragraph 36-38.

### COUNT I

31.     With respect to paragraph 39, Defendants incorporate by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

32.     Defendants deny the allegations in paragraph 40.

33.     Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 41.

### COUNT II

34.     With respect to paragraph 42, Defendants incorporates by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

35.     Defendants deny the allegations of paragraph 43-44.

36.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 45.

## COUNT III

37.    With respect to paragraph 46, Defendants incorporate by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

38.    Defendants deny the allegations in paragraph 47.

39.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 48.

## COUNT IV

40.    With respect to paragraph 49, Defendants incorporates by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

41.    Defendants deny the allegations of paragraph 50-51.

42.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 52.

## COUNT V

43.     With respect to paragraph 53, Defendants incorporate by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

44.     Defendants deny the allegations in paragraph 54.

45.     Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 55.

## COUNT VI

46.     With respect to paragraph 56, Defendants incorporates by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

47.     Defendants deny the allegations of paragraph 57-58.

48.     Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 59.

## COUNT VII

49.     With respect to paragraph 60, Defendants incorporate by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

50.     Defendants deny the allegations in paragraph 61.

51.     Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 62.

## COUNT VIII

52.    With respect to paragraph 63, Defendants incorporates by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

53.    Defendants deny the allegations of paragraph 64-65.

54.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 66.

## COUNT IX

55.    With respect to paragraph 67, Defendants incorporate by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

56.    Defendants deny the allegations in paragraph 68.

57.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 69.

## COUNT X

58.    With respect to paragraph 70, Defendants incorporates by reference its answers to the preceding factual statements and allegations, as if fully set forth herein.

59.    Defendants deny the allegations of paragraph 71-72.

60.    Admitted that SAP and others infringe the valid patent rights held by WTL (with respect to the identified patent and other patent rights), but Defendants deny the remaining allegations of paragraph 73.

## WELLOGIX'S FIRST AFFIRMATIVE DEFENSE

61.    The contents of the preceding paragraphs are included by reference as if fully set forth herein.

62.    SAP has failed to state a claim upon which relief can be granted against Wellogix. Fed. R. Civ. P. 12(b)(6).

63.    Wellogix is not the owner of the U.S. Patent No. 7,043,486 ("the '486 patent").

64.    Wellogix is not the owner of the U.S. Patent No. 7,096,233 ("the '233 patent").

65.    Wellogix is not the owner of the U.S. Patent No. 7,155,439 ("the '439 patent").

66.    Wellogix is not the owner of the U.S. Patent No. 7,293,029 ("the '029 patent").

67.    Wellogix is not the owner of the U.S. Patent No. 7,699,133 ("the '133 patent").

68.    SAP's Complaint for Declaratory Relief, on its face, should be dismissed as to Wellogix because there can be no case or controversy that would support a claim for a declaratory judgment as to Wellogix relating to patents it does not own.

## II.    PATENT INFRINGMENT COUNTERCLAIMS

69.    Wellogix Technology Licensing, LLC ("WTL"), files this Counterclaim against SAP America, Inc., SAP A.G. and Accenture (collectively "Counterclaim-Defendants"), and would respectfully show as follows:

## THE PARTIES

70.     Counterclaim-Plaintiff Wellogix Technology Licensing LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 440 Louisiana Street, Suite 2100, Houston, Texas 77002.

71.     Counterclaim-Defendant SAP America, Inc. is a corporation organized and existing under the laws of Delaware, with corporate headquarters at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.  SAP America, Inc. is authorized and licensed to do business in Texas.

72.     Counterclaim-Defendant SAP A.G. is a German corporation, authorized and licensed to do business in Texas with its principal place of business in Waldorf, Germany.  SAP A.G. maintains minimum contacts with Texas by consummating transactions in Texas and by purposefully availing itself of the benefits and protections of the laws of Texas.  SAP A.G. may be served with process through its registered agent at CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

73.     Counterclaim-Defendant Accenture, LLP ("Accenture") is an Illinois limited liability partnership, authorized and licensed to do business in Texas with its principal place of business in Cook County, Chicago, Illinois.  Accenture maintains minimum contacts with Texas by consummating transactions in Texas and by purposefully availing itself of the benefits and protections of the laws of Texas. Accenture may be served through its registered agent at: Corporation Service Company, d/b/a Lawyers Incorporating Service Company, 701 Brazos, Austin, Texas 78701.

## JURISDICTION AND VENUE

74.     This is an action for patent infringement arising under the Patent Act of the United States, Title 35, United States Code.  The court has subject matter jurisdiction conferred under 28 U.S.C. §§ 1331 and 1338.

75.     Venue properly lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391 and § 1400(b),

76.     Venue in the Southern District of Texas is supported by the facts that: (a) Counterclaim-Defendant SAP American, Inc. filed the underlying Declaratory Judgment Action in the Southern District of Texas, (b) Counterclaim-Plaintiffs' principal places of the business are located in Houston, Texas area, (b) the presence and residence of Counterclaim-Plaintiff's management personnel is Houston, Texas, (c) the presence of relevant documents and witnesses is the Southern District of Texas, (d) each of the Counterclaim-Defendants may be found in the Southern District of Texas pursuant to the terms of 28 U.S.C. §1391(b)(c), (e) each Counterclaim-Defendants are participating and/or have initiated a Federal Court action involving Counterclaim-Plaintiffs in the Southern District of Texas, and (e) the Southern District of Texas is a judicial district where events giving rise to the claim of patent infringement have occurred and are occurring.

77.     The court has personal jurisdiction over each Counterclaim-Defendant because each Counterclaim-Defendant has conducted business and continues to conduct business in the state of Texas directly or indirectly relating to the controversy at issue and each Counterclaim-Defendant is believed to have purposefully availed itself of the benefits of the forum state.

78.    Personal jurisdiction over the Counterclaim-Defendants are supported by the facts that: (a) the Counterclaim-Defendants, directly or through intermediaries, ship, distribute, offer for sale, sell, and advertise the accused products in the United States, the State of Texas, and the Southern District of Texas, (b) each of these Counterclaim-Defendants has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that these products will be purchased and/or used by consumers in the Southern District of Texas, and (c) the accused products have been and continue to be sold, purchased, and used by consumers and other individuals located in the Southern District of Texas, and (d) each of these Counterclaim-Defendants are believed to have individually and/or jointly cooperated in acts that constitute patent infringement within the State of Texas, and more particularly, within the Southern District of Texas.

## FACTUAL BACKGROUND

79.    WTL is the owner of all right, title and interest to U.S. Patent No. 7,043,486 ("the '486 patent").

80.    WTL is the owner of all right, title and interest to U.S. Patent No. 7,096,233 ("the '233 patent").

81.    WTL is the owner of all right, title and interest to U.S. Patent No. 7,155,439 ("the '439 patent").

82.    WTL is the owner of all right, title and interest to 7,293,029 ("the '029 patent").

83.    WTL is the owner of all right, title and interest to U.S. Patent No. 7,699,133 ("the '133 patent").

84.    The '486 Patent, the '233 Patent, the '439 Patent, and the '029 Patent covers a computer system and process for supporting resource management and electronic procurement for goods and/or services in complex projects, where the complex projects involve multiple parties connected to the system via a communications network.

85.    The '486 Patent, the '233 Patent, the '439 Patent, and the '029 Patent covers a computer system and process that supports the creation and modification of dynamic computer templates for project interfaces, an electronic reconciliation of electronic field document to the terms of other commercial agreements and documentation, the preservation of data associated with the computer templates, and the preservation of prior computer templates.

86.    The '133 Patent covers a system and method that develops rules for validating whether a complex procedure or project is being conducted within appropriate selected parameters, with the system and process applying rules to data from the complex project to determine compliance.

87.    Counterclaim Defendants SAP, Inc. and SAP A.G. "makes" and "sells" the SAP Business Suite software having resource management capabilities for complex services ("RMCCS") (e.g. RMCCS software may be associated with SRM, PLM, SCM, CRM, ERP/ECC, NetWeaver platform, SAP Kernel and/or SAP Basis) (collectively "Accused Software Instrumentality").

88.    Accenture is a system integrator that makes, configures, and sells the Accused Software Instrumentality combined with processor and memory components, which is collectively referred to as "Accused System Instrumentality," for customers.

89.     Customers, such as BP America, Inc., "use" the Accused System Instrumentality as sold by Counterclaim-Defendants SAP America, Inc., SAP A.G., and Accenture.

90.     Upon information and belief, SAP America, Inc., SAP A.G., and/or Accenture have "made," "used" or "uses" the Accused Software Instrumentality and/or System Instrumentality to manage their own procurement of services, provide their services, and/or for development and testing purposes.

91.     Personnel at SAP America, Inc., SAP A.G., and Accenture were notified about one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent.

92.     Personnel at Accenture, SAP America, Inc., SAP A.G., BP America, Inc. and others have reviewed and analyzed one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent.

93.     After conducting that review, personnel at an "Accenture leadership team" were informed that "anyone trying to do electronic procurement of complex services would have an issue with the Wellogix patents" and that no one "could do electronic procurement of complex services without infringing upon the Wellogix patents."

94.     Personnel at Accenture have communicated to others that Accenture "acknowledges its patent infringement."

95.     Wellogix, Inc. ("Wellogix") produced Wellogix software and templates that are covered by one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent.

96.     SAP America, Inc., SAP A.G., Accenture, BP America, Inc., and/or others worked together to incorporate software, templates, and functionality developed by Wellogix and found in the Wellogix software into the Accused Software Instrumentality and the Accused System Instrumentality after the Counterclaim Defendants gained access to Wellogix software.

97.     Each of these Counterclaim Defendants had knowledge of one of more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent prior to the filing of this Counterclaim.

98.     Each of these Counterclaim Defendants continued with their accused infringing business conduct despite having knowledge of one of more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent.

## COUNTERCLAIM COUNT I:
## INFRINGEMENT OF THE '486 PATENT

99.     WTL repeats the allegations of paragraphs 1-29 of this Counterclaim as if fully set forth herein.

100.     After a full and fair examination, the '486 Patent was duly and legally issued by the Unites States Patent & Trademark Office on May 9, 2006 and is entitled "Process and System for Tracking Versions of Field Documentation Data Collection Configurations in a Complex Project Workflow System."

101.The "use" of the Accused Software Instrumentality and the Accused System Instrumentality, and the "selling," "making" and "use" of the Accused Software Instrumentality and Accused System Instrumentality are covered by one or more claims of the '486 Patent and constitute infringement by one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G. and Accenture.

102.    For one or more system claims, Accenture would infringe the '486 Patent under 35 U.S.C. §271(a) as a system integrator by virtue of its making, using, and selling of Accused Software Instrumentality and Accused System Instrumentality, which satisfies the claimed elements.

103.    For one or more system claims, SAP America, Inc. would infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

104.    For one or more system claims, SAP A.G. would infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

105.    For one or more system claims, BP America, Inc. and other customers purchasing the Accused Software Instrumentality and/or Accused System Instrumentality from one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G., and/or Accenture, infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of the customer's use of the Accused Software Instrumentality and the Accused System Instrumentality.

106.    For one or more system claims, Accenture would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) as a system integrator by virtue of its providing the Accused Software Instrumentality and Accused System Instrumentality to support the infringement of one or more claims.  The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software

16

Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

107.   For one or more system claims, SAP America, Inc. would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.   The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

108.   For one or more system claims, SAP A.G. would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.   The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

109.   For one or more method claims, Accenture would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by Accenture to perform each of the claimed steps.   The Accused Software Instrumentality

and Accused System Instrumentality is provided by Accenture, and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

110.   For one or more method claims, SAP America, Inc. would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP America, Inc. to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP America, Inc., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

111.   For one or more method claims, SAP A.G. would infringe the '486 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP A.G. to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP A.G., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

112.   For one or more method claims, BP America, Inc. and other customers of the Accused Software Instrumentality and/or the Accused System Instrumentality

infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

113.    Upon information and belief, SAP America, Inc., SAP A.G. and/or Accenture would use this identified Accused Software Instrumentality and/or Accused System Instrumentality to manage their own procurement of services, their providing of services, and/or for development and testing purposes.

114.    Upon information and belief, Accenture infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

115.    Upon information and belief, SAP America, Inc. infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

116.    Upon information and belief, SAP A.G. infringe the '486 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

117.    Each of the Counterclaim-Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '486 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or contributing to those acts by another) the Accused Software Instrumentality and/or the Accused System Instrumentality in the United States.

118.    The Counterclaim-Defendants' acts of infringement for the '486 Patent have caused and will continue to cause damage and injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to relief under 35 U.S.C. § 284.

119.    The Counterclaim-Plaintiff is entitled to recover from the Defendants damages sustained by the Counterclaim-Plaintiff as a result of the Counterclaim-Defendants' wrongful acts in an amount subject to proof at trial.

120.    The Counterclaim-Defendants' acts of infringement of the '486 Patent have caused and will continue to cause immediate and irreparable injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

121.    The Counterclaim-Defendants' acts of infringement of the '486 Patent will continue to damage the Counterclaim-Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

122.    Counterclaim-Defendants' infringement of the '486 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Counterclaim-Plaintiff's rights under the '486 Patent.

**COUNTERCLAIM COUNT II:**
**INFRINGEMENT OF THE '223 PATENT**

123.    WTL repeats the allegations of paragraphs 1-29 of this Counterclaim as if fully set forth herein.

124.    After a full and fair examination, the '223 Patent was duly and legally issued by the Unites States Patent & Trademark Office on August 22, 2006 and is entitled "Process and System for Managing and Reconciling Field Documentation Data Within a Complex Project Workflow System."

125.    The "use" of the Accused Software Instrumentality and the Accused System Instrumentality, and the "selling," "making" and "use" of the Accused Software

Instrumentality and Accused System Instrumentality are covered by one or more claims of the '223 Patent and constitute infringement by one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G. and Accenture.

126.    For one or more system claims, Accenture would infringe the '223 Patent under 35 U.S.C. §271(a) as a system integrator by virtue of its making, using, and selling of Accused Software Instrumentality and Accused System Instrumentality, which satisfies the claimed elements.

127.    For one or more system claims, SAP America, Inc. would infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

128.    For one or more system claims, SAP A.G. would infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

129.    For one or more system claims, BP America, Inc. and other customers purchasing the Accused Software Instrumentality and/or Accused System Instrumentality from one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G., and/or Accenture, infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of the customer's use of the Accused Software Instrumentality and the Accused System Instrumentality.

130.    For one or more system claims, Accenture would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) as a system integrator by virtue of its providing the Accused Software Instrumentality and Accused System Instrumentality to support the

infringement of one or more claims.  The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

131.    For one or more system claims, SAP America, Inc. would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.  The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

132.    For one or more system claims, SAP A.G. would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.  The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

133.    For one or more method claims, Accenture would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and

selling of Accused Software Instrumentality and Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by Accenture to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by Accenture, and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

134.    For one or more method claims, SAP America, Inc. would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP America, Inc. to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP America, Inc., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

135.    For one or more method claims, SAP A.G. would infringe the '223 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP A.G. to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP A.G., and the Accused Software Instrumentality and Accused System

Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

136. For one or more method claims, BP America, Inc. and other customers of the Accused Software Instrumentality and/or the Accused System Instrumentality infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

137. Upon information and belief, SAP America, Inc., SAP A.G. and/or Accenture would use this identified Accused Software Instrumentality and/or Accused System Instrumentality to manage their own procurement of services, their providing of services, and/or for development and testing purposes.

138. Upon information and belief, Accenture infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

139. Upon information and belief, SAP America, Inc. infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

140. Upon information and belief, SAP A.G. infringe the '223 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

141. Each of the Counterclaim-Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '223 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or

contributing to those acts by another) the Accused Software Instrumentality and/or the Accused System Instrumentality in the United States.

142.    The Counterclaim-Defendants' acts of infringement for the '223 Patent have caused and will continue to cause damage and injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to relief under 35 U.S.C. § 284.

143.    The Counterclaim-Plaintiff is entitled to recover from the Defendants damages sustained by the Counterclaim-Plaintiff as a result of the Counterclaim-Defendants' wrongful acts in an amount subject to proof at trial.

144.    The Counterclaim-Defendants' acts of infringement of the '223 Patent have caused and will continue to cause immediate and irreparable injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

145.    The Counterclaim-Defendants' acts of infringement of the '223 Patent will continue to damage the Counterclaim-Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

146.    Counterclaim-Defendants' infringement of the '223 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Counterclaim-Plaintiff's rights under the '223 Patent.

## COUNTERCLAIM COUNT III: INFRINGEMENT OF THE '439 PATENT

147.    WTL repeats the allegations of paragraphs 1-29 of this Counterclaim as if fully set forth herein.

148.    After a full and fair examination, the '439 Patent was duly and legally issued by the Unites States Patent & Trademark Office on December 26, 2006 and is entitled "Modular and Customizable Process and System for Capturing Field Documentation Data in a Complex Project Workflow System."

149.    The "use" of the Accused Software Instrumentality and the Accused System Instrumentality, and the "selling," "making" and "use" of the Accused Software Instrumentality and Accused System Instrumentality are covered by one or more claims of the '439 Patent and constitute infringement by one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G. and Accenture.

150.    For one or more system claims, Accenture would infringe the '439 Patent under 35 U.S.C. §271(a) as a system integrator by virtue of its making, using, and selling of Accused Software Instrumentality and Accused System Instrumentality, which satisfies the claimed elements.

151.    For one or more system claims, SAP America, Inc. would infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

152.    For one or more system claims, SAP A.G. would infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

153.    For one or more system claims, BP America, Inc. and other customers purchasing the Accused Software Instrumentality and/or Accused System Instrumentality

from one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G., and/or Accenture, infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of the customer's use of the Accused Software Instrumentality and the Accused System Instrumentality.

154.    For one or more system claims, Accenture would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) as a system integrator by virtue of its providing the Accused Software Instrumentality and Accused System Instrumentality to support the infringement of one or more claims.   The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

155.    For one or more system claims, SAP America, Inc. would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.   The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

156.    For one or more system claims, SAP A.G. would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.   The Accused Software

Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

157.    For one or more method claims, Accenture would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by Accenture to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by Accenture, and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

158.    For one or more method claims, SAP America, Inc. would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP America, Inc. to perform each of the claimed steps.  The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP America, Inc., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

159.    For one or more method claims, SAP A.G. would infringe the '439 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and

selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP A.G. to perform each of the claimed steps. The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP A.G., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

160.    For one or more method claims, BP America, Inc. and other customers of the Accused Software Instrumentality and/or the Accused System Instrumentality infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

161.    Upon information and belief, SAP America, Inc., SAP A.G. and/or Accenture would use this identified Accused Software Instrumentality and/or Accused System Instrumentality to manage their own procurement of services, their providing of services, and/or for development and testing purposes.

162.    Upon information and belief, Accenture infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

163.    Upon information and belief, SAP America, Inc. infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

164.    Upon information and belief, SAP A.G. infringe the '439 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

165.    Each of the Counterclaim-Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '439 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or contributing to those acts by another) the Accused Software Instrumentality and/or the Accused System Instrumentality in the United States.

166.    The Counterclaim-Defendants' acts of infringement for the '439 Patent have caused and will continue to cause damage and injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to relief under 35 U.S.C. § 284.

167.    The Counterclaim-Plaintiff is entitled to recover from the Counterclaim-Defendants damages sustained by the Counterclaim-Plaintiff as a result of the Counterclaim-Defendants' wrongful acts in an amount subject to proof at trial.

168.    The Counterclaim-Defendants' acts of infringement of the '439 Patent have caused and will continue to cause immediate and irreparable injury to Plaintiff for which Counterclaim-Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

169.    The Counterclaim-Defendants' acts of infringement of the '439 Patent will continue to damage the Counterclaim-Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

170.    Counterclaim-Defendants' infringement of the '439 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Counterclaim-Plaintiff's rights under the '439 Patent.

**COUNTERCLAIM COUNT IV:**
**INFRINGEMENT OF THE '029 PATENT**

171.    WTL repeats the allegations of paragraphs 1-29 of this Counterclaim as if fully set forth herein.

172.    After a full and fair examination, the '029 Patent was duly and legally issued by the Unites States Patent & Trademark Office on November 6, 2007 and is entitled "Modular and Customizable Process and System for Capturing Field Documentation Data in a Complex Project Workflow System."

173.    The "use" of the Accused Software Instrumentality and the Accused System Instrumentality, and the "selling," "making" and "use" of the Accused Software Instrumentality and Accused System Instrumentality are covered by one or more claims of the '029 Patent and constitute infringement by one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G. and Accenture.

174.    For one or more system claims, Accenture would infringe the '029 Patent under 35 U.S.C. §271(a) as a system integrator by virtue of its making, using, and selling of Accused Software Instrumentality and Accused System Instrumentality, which satisfies the claimed elements.

175.    For one or more system claims, SAP America, Inc. would infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

31

176.    For one or more system claims, SAP A.G. would infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

177.    For one or more system claims, BP America, Inc. and other customers purchasing the Accused Software Instrumentality and/or Accused System Instrumentality from one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G., and/or Accenture, infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of the customer's use of the Accused Software Instrumentality and the Accused System Instrumentality.

178.    For one or more system claims, Accenture would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) as a system integrator by virtue of its providing the Accused Software Instrumentality and Accused System Instrumentality to support the infringement of one or more claims. The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

179.    For one or more system claims, SAP America, Inc. would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims. The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the

Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

180.    For one or more system claims, SAP A.G. would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.    The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

181.    For one or more method claims, Accenture would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by Accenture to perform each of the claimed steps.    The Accused Software Instrumentality and Accused System Instrumentality is provided by Accenture, and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

182.    For one or more method claims, SAP America, Inc. would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP America,

Inc. to perform each of the claimed steps. The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP America, Inc., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

183.   For one or more method claims, SAP A.G. would infringe the '029 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP A.G. to perform each of the claimed steps. The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP A.G., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

184.   For one or more method claims, BP America, Inc. and other customers of the Accused Software Instrumentality and/or the Accused System Instrumentality infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

185.   Upon information and belief, SAP America, Inc., SAP A.G. and/or Accenture would use this identified Accused Software Instrumentality and/or Accused System Instrumentality to manage their own procurement of services, their providing of services, and/or for development and testing purposes.

186.    Upon information and belief, Accenture infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

187.    Upon information and belief, SAP America, Inc. infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

188.    Upon information and belief, SAP A.G. infringe the '029 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

189.    Each of the Counterclaim-Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '029 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or contributing to those acts by another) the Accused Software Instrumentality and/or the Accused System Instrumentality in the United States.

190.    The Counterclaim-Defendants' acts of infringement for the '029 Patent have caused and will continue to cause damage and injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to relief under 35 U.S.C. § 284.

191.    The Counterclaim-Plaintiff is entitled to recover from the Counterclaim-Defendants damages sustained by the Counterclaim-Plaintiff as a result of the Counterclaim-Defendants' wrongful acts in an amount subject to proof at trial.

192.    The Counterclaim-Defendants' acts of infringement of the '029 Patent have caused and will continue to cause immediate and irreparable injury to Counterclaim-

Plaintiff for which Counterclaim-Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

193.    The Counterclaim-Defendants' acts of infringement of the '029 Patent will continue to damage the Counterclaim-Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

194.    Counterclaim-Defendants' infringement of the '029 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Counterclaim-Plaintiff's rights under the '029 Patent.

**COUNTERCLAIM COUNT V:**
**<u>INFRINGEMENT OF THE '133 PATENT</u>**

195.    WTL repeats the allegations of paragraphs 1-29 of this Counterclaim as if fully set forth herein.

196.    After a full and fair examination, the '133 Patent was duly and legally issued by the Unites States Patent & Trademark Office on February 23, 2010 and is entitled "System and Method For Developing Rules Utilized In A Knowledge Management System."

197.    The "use" of the Accused Software Instrumentality and the Accused System Instrumentality, and the "selling," "making" and "use" of the Accused Software Instrumentality and Accused System Instrumentality are covered by one or more claims of the '133 Patent and constitute infringement by one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G. and Accenture.

198.    For one or more system claims, Accenture would infringe the '133 Patent under 35 U.S.C. §271(a) as a system integrator by virtue of its making, using, and selling

of Accused Software Instrumentality and Accused System Instrumentality, which satisfies the claimed elements.

199.    For one or more system claims, SAP America, Inc. would infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

200.    For one or more system claims, SAP A.G. would infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of its making, using, and selling of Accused Software Instrumentality to be used with the Accused System Instrumentality, which satisfies the claimed elements.

201.    For one or more system claims, BP America, Inc. and other customers purchasing the Accused Software Instrumentality and/or Accused System Instrumentality from one or more of the Counterclaim Defendants SAP America, Inc., SAP A.G., and/or Accenture, infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of the customer's use of the Accused Software Instrumentality and the Accused System Instrumentality.

202.    For one or more system claims, Accenture would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) as a system integrator by virtue of its providing the Accused Software Instrumentality and Accused System Instrumentality to support the infringement of one or more claims.  The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

203.    For one or more system claims, SAP America, Inc. would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.    The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

204.    For one or more system claims, SAP A.G. would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) by virtue of its providing the Accused Software Instrumentality that is intended to be combined with the Accused System Instrumentality to support the infringement of one or more claims.    The Accused Software Instrumentality and the Accused System Instrumentality is specifically designed and configured to support the infringement of one or more system claims by others, the Accused Software Instrumentality and the Accused System Instrumentality not being staple articles of commerce.

205.    For one or more method claims, Accenture would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by Accenture to perform each of the claimed steps.    The Accused Software Instrumentality and Accused System Instrumentality is provided by Accenture, and the Accused Software

Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

206.   For one or more method claims, SAP America, Inc. would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP America, Inc. to perform each of the claimed steps.   The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP America, Inc., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

207.   For one or more method claims, SAP A.G. would infringe the '133 Patent under 35 U.S.C. §271(b) and (c) as an indirect infringer by virtue of its making and selling of Accused Software Instrumentality and assisting with the implementation and sale of the Accused System Instrumentality, which is specifically programmed to perform the claimed steps and especially customized by SAP A.G. to perform each of the claimed steps.   The Accused Software Instrumentality and Accused System Instrumentality is provided by SAP A.G., and the Accused Software Instrumentality and Accused System Instrumentality is specifically designed to induce infringement of the process by others and is not a staple article of commerce.

208.   For one or more method claims, BP America, Inc. and other customers of the Accused Software Instrumentality and/or the Accused System Instrumentality

infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

209.    Upon information and belief, SAP America, Inc., SAP A.G. and/or Accenture would use this identified Accused Software Instrumentality and/or Accused System Instrumentality to manage their own procurement of services, their providing of services, and/or for development and testing purposes.

210.    Upon information and belief, Accenture infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

211.    Upon information and belief, SAP America, Inc. infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

212.    Upon information and belief, SAP A.G. infringe the '133 Patent under 35 U.S.C. §271(a) by virtue of their infringing "use" of the Accused Software Instrumentality and/or the Accused System Instrumentality.

213.    Each of the Counterclaim-Defendants have infringed, continue to infringe, induce others to infringe, and/or contribute to the infringement of the '133 Patent by, individually and/or collectively, making, using, and/or selling (or inducing or contributing to those acts by another) the Accused Software Instrumentality and/or the Accused System Instrumentality in the United States.

214.    The Counterclaim-Defendants' acts of infringement for the '133 Patent have caused and will continue to cause damage and injury to Counterclaim-Plaintiff for which Plaintiff is entitled to relief under 35 U.S.C. § 284.

215.    The Counterclaim-Plaintiff is entitled to recover from the Counterclaim-Defendants damages sustained by the Counterclaim-Plaintiff as a result of the Counterclaim-Defendants' wrongful acts in an amount subject to proof at trial.

216.    The Counterclaim-Defendants' acts of infringement of the '133 Patent have caused and will continue to cause immediate and irreparable injury to Counterclaim-Plaintiff for which Counterclaim-Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

217.    The Counterclaim-Defendants' acts of infringement of the '133 Patent will continue to damage the Counterclaim-Plaintiff's business and rights, causing irreparable injury and harm, for which there is no adequate remedy of law, unless enjoined by this Court.

218.    Counterclaim-Defendants' infringement of the '133 Patent has been and continues to be willful and deliberate, and in flagrant disregard of Counterclaim-Plaintiff's rights under the '133 Patent.

## JURY DEMAND

219.    WTL hereby demands trial by jury on all issues triable by a jury in this case.

## PRAYER

**WHEREFORE,** Wellogix Technology Licensing prays for judgment as follows:

220.    Adjudge U.S. Patent No. 7,043,486 ("the '486 patent") to be valid and infringed.

221.    Adjudge U.S. Patent No. 7,096,233 ("the '233 patent") to be valid and infringed.

222.    Adjudge U.S. Patent No. 7,155,439 ("the '439 patent") to be valid and infringed.

223.    Adjudge U.S. Patent No. 7,293,029 ("the '029 patent") to be valid and infringed.

224.    Adjudge U.S. Patent No. 7,699,133 ("the '133 patent") to be valid and infringed.

225.    Adjudge each of the Counterclaim-Defendant to have directly infringed, and/or indirectly infringed one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent by way of inducement and/or contributory infringement.

226.    Preliminarily and permanently enjoin each Counterclaim-Defendant, and any other person or entity acting in concert or participation with the each Defendant, from any infringing activity, inducing the infringement, or contributing to the infringement of one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent.

227.    Award Counterclaim-Plaintiff damages resulting from the Counterclaim-Defendants' patent infringement.

228.    Adjudge each Counterclaim-Defendants to have infringed one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent to be willful and deliberate acts of        infringement, and award enhanced damages for such willful infringement.

229.    Adjudge this case to be exceptional, and award the Plaintiff attorney fees and costs incurred in prosecuting this matter.

230.    Adjudge the Plaintiff to be entitled to an accounting of Defendants' revenues resulting directly or indirectly from the Defendants' infringement of the one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent, including supplemental damages for any continuing post-verdict infringement up until entry of the Final Judgment.

231.    In the event a permanent injunction preventing future acts of infringement is not granted, award the Plaintiff supplemental damages, royalty fee, and/or license fee on all estimated future revenue resulting directly or indirectly from the Defendants' infringement of the one or more of the '486 Patent, the '233 Patent, the '439 Patent, the '029 Patent, and the '133 Patent up until the expiration of each patent found to be infringed.

232.    Award the Plaintiff costs, pre-judgment and post-judgment interest, expenses, and reasonable attorney fee incurred in bringing and prosecuting this action.

233.    Dismiss SAP's Complaint for Declaratory Relief with prejudice.

234.    Award such other and further relief that the Court deems just and proper.

## III.    <u>TRADE SECRET COUNTERCLAIMS</u>

235.    Wellogix, Inc. ("Wellogix"), files this Counterclaim against SAP America, Inc. and SAP A.G. (collectively "the SAP Parties"), and would respectfully show as follows:

### <u>THE PARTIES</u>

236.    Counterclaim-Plaintiff Wellogix, Inc. is a Delaware corporation with its principal place of business in Harris County, Houston, Texas.

237.    Counterclaim-Defendant SAP America, Inc. is a Delaware corporation authorized and licensed to do business in Texas with its principal place of business in Delaware County, Newton Square, Pennsylvania. SAP America, Inc. maintains minimum contacts with Texas by consummating transactions in Texas and by purposefully availing itself of the benefits and protections of the laws of Texas.  SAP America, Inc. has made an appearance and may be served through its attorneys of record: Michael P. Graham, Scott W. Cowan and Joseph M. Beauchamp, Jones Day, 717 Texas Avenue, Suite 3300, Houston, Texas 77002.

238.    Counterclaim-Defendant SAP A.G. is a German corporation authorized and licensed to do business in Texas with its principal place of business in Waldorf, Germany. SAP A.G. maintains minimum contacts with Texas by consummating transactions in Texas and by purposefully availing itself of the benefits and protections of the laws of Texas.  SAP A.G. may be served through its registered agent at: CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

239.    The Court has personal jurisdiction over the SAP Parties because they do business in this judicial district and has sufficient contacts in this judicial district. Additionally, SAP America, Inc. has already availed itself of the jurisdiction of this Court by filing Civil Action No. 4:10-CV-1224, *SAP America, Inc. v. Wellogix, Inc.*, which is currently pending before this Court.

240.    Under 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction because there is complete diversity of citizenship between Wellogix and the SAP Parties and the matter in controversy exceeds the sum or value of $75,000.

241.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a).

## COUNTERCLAIM COUNT VI: MISAPPROPRIATION OF TRADE SECRETS

242.    Wellogix repeats and re-alleges the allegations of the paragraphs in this Complaint as if fully set forth herein.

243.    Wellogix took reasonable steps to keep its technology and other confidential information as trade secrets and would not have disclosed its trade secrets to any party without agreement by the receiving party to keep them secret.  The SAP Parties, through their confidential and fiduciary relationships with Wellogix, acquired access to Wellogix's trade secrets.  By acknowledging and agreeing that Wellogix had valuable trade secrets, the SAP Parties owed a duty not to use or disclose these trade secrets without Wellogix's permission. The SAP Parties, without permission or legal authority from Wellogix, misappropriated this highly valuable technology in order to obtain and perform under various agreements with its other business partners and customers. As a direct result of this misappropriation of trade secrets, Wellogix has been damaged and the SAP Parties have profited.

244.    As a matter of Texas law, the SAP Parties' wrongful use of Wellogix's technology has caused irreparable injury.

245.    Additionally, Wellogix is entitled to recover its damages.

246.    Wellogix is also entitled to an award of exemplary damages against the SAP Parties because they acted intentionally, with malice.  Furthermore, the SAP Parties' misappropriation, when viewed objectively from their standpoint at the time of the occurrences, involved an extreme degree of risk, considering the possibility and magnitude of the potential harm to Wellogix the SAP Parties had actual, subjective

awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety or welfare of Wellogix.

## **COUNTERCLAIM COUNT VII: THEFT OF TRADE SECRETS**

247.   Wellogix repeats and re-alleges the allegations of the paragraphs in this Complaint as if fully set forth herein.

248.   The SAP Parties have wrongfully appropriated, secured and/or stolen property and services of Wellogix with the intent to deprive Wellogix of such property or payment for such services in violation of Texas Penal Code § 31.03 and § 31.04. Additionally and/or alternatively the SAP Parties stole, made copies of, communicated and/or transmitted Wellogix's trade secrets in violation of Texas Penal Code §31.05. The SAP Parties are therefore liable pursuant to the Texas Theft Liability Act as described in Texas Civil Prac. & Rem. Code § 134.001 *et seq*.  As a result, Wellogix has suffered substantial damage and the SAP Parties have profited.

249.   Wellogix is entitled to actual and exemplary damages for which it now sues.  Further, Wellogix is entitled to costs and reasonable and necessary attorney's fees.

## **EXEMPLARY DAMAGES**

250.   Wellogix repeats and re-alleges the allegations of the paragraphs in this Complaint as if fully set forth herein.

251.   In stealing Wellogix's trade secrets and confidential information as well as the knowing and willful commission of the other tortuous acts as outlined above, the SAP Parties have demonstrated specific intent to cause substantial injury or harm to Wellogix. The SAP Parties have committed acts amounting to fraud, malice, and gross negligence. As such, Wellogix requests exemplary damages for all causes of action for which exemplary damages are available pursuant to Texas Civil Practices and Remedies Code

Chapter 41 and other applicable Texas law.  In addition, based on the violation of Texas Penal Code §§ 31.03, 31.04 and 31.05, SAP's acts constitute negligence per se.  The SAP Parties' theft of trade secrets constitutes felonious conduct under Texas Penal Code Chapter 31, which exempts the SAP Parties' misconduct from the exemplary damages cap in Texas Civil Practices and Remedies Code § 41.008.  Wellogix therefore requests uncapped exemplary damages—such damages are necessary to penalize the SAP Parties for their malicious, and morally culpable misconduct and to deter similar misconduct in the future.

## ATTORNEY'S FEES

252.    Wellogix repeats and re-alleges the allegations of the paragraphs of this Complaint as if fully set forth herein.

253.    Wellogix is entitled to its reasonable and necessary attorney's fees for the SAP Parties' theft as allowed by Chapter 134 of the Texas Civil Practices & Remedies Code.

## JURY DEMANDED

254.    Wellogix demands a trial by jury in this case.

## PRAYER

WHEREFORE, Wellogix prays for judgment against the SAP Parties as follows:

(a)     Actual damages;

(b)     Exemplary damages as allowed by applicable statutes;

(c)     Attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 134.005;

(d)     Pre-judgment and post judgment interest as allowed by law;

(e)     Costs of court as allowed by law; and

(f)     Any such other relief that this Court deems just and proper.


Dated: March 19, 2014


                              Respectfully submitted,

                              LAMINACK, PIRTLE  & MARTINES, L.L.P.


                              */s/ Buffy K. Martines*
                              Richard N. Laminack
                              Attorney-In-Charge
                              Texas Bar No. 11850350
                              Federal I.D. No. 79678
                              Thomas W. Pirtle
                              Texas Bar No. 16038610
                              Federal I.D. No. 15527
                              Buffy K. Martines
                              Texas Bar No. 24030311
                              Federal I.D. No. 34830
                              5020 Montrose Blvd., 9th Floor
                              Houston, Texas 77006
                              Telephone:     713-292-2750
                              Facsimile:     713-292-2755

                              D. Scott Hemingway
                              Eugenia S. Hansen
                              Hemingway & Hansen, L.L.P.
                              1717 Main Street, Suite 2500
                              Dallas, Texas 75201
                              Telephone:     214-292-8301
                              Facsimile:     214-739-5209


                              **ATTORNEYS FOR DEFENDANTS
                              AND COUNTER PLAINTIFFS WELLOGIX,
                              INC. AND WELLOGIX
                              TECHNOLOGY LICENSING, L.L.C.**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on the 19th day of March, 2014. Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

*/s/  Buffy K. Martines*
Buffy K. Martines