IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-1224 |
| WELLOGIX, INC. et al., | § § | |
| Defendants/ Counter-Plaintiffs | § § § | |
| v. | § § | |
| SAP AMERICA, INC., et al., | § § | |
| Counter-Defendants. | § § | |
| WELLOGIX, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-14-741 |
| SAP AMERICA, INC., et al., | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are SAP America, Inc.'s Motion for Leave to Lift Stay for Purpose of Rescinding Severance Order ("Motion to Lift Stay") (Docket Entry No. 118 in Case No. H-10-1224) and Wellogix's Rule 59(E) or Rule 60 Motion for Reconsideration ("Motion for Reconsideration") (Docket Entry No. 27 in Case No. H-14-741). For the reasons stated below, the Motion to

Lift Stay will be granted, and the Motion for Reconsideration will be denied as moot.

## I. Procedural Background

The seven-year history of this dispute is described in the court's Memorandum Opinion and Order in Case No. H-14-741.[1] In short, Wellogix sued SAP in state court in 2008, asserting various state law causes of action, including breach of contract, theft of trade secrets, and violations of the Lanham Act.[2] SAP removed the case to the Southern District of Texas, invoking federal question jurisdiction.[3] The case was assigned to Judge Keith Ellison, who, exercising federal question and supplemental jurisdiction, dismissed all of Wellogix's claims pursuant to a forum-selection

---

[1] Docket Entry No. 25.

[2] See Plaintiff's Original Petition, Exhibit G-1 to Notice of Removal, Case No. G-8-119, Docket Entry No. 1-6.

[3] SAP also invoked diversity jurisdiction, but this appears to have been based on Wellogix's statement in its Original Petition that it was a Texas corporation. See Plaintiff's Original Petition, Exhibit G-1 to Notice of Removal, Case No. G-8-119, Docket Entry No. 1-6, p. 1 ¶1 ("Plaintiff Wellogix, Inc. is a Texas corporation with its principal place of business in Harris County, Texas."); Notice of Removal, Case No. G-9-119, p. 2 ¶4 ("Plaintiff is a citizen of Texas."). The parties now appear to agree that Wellogix, Inc. is a Delaware entity, and publicly available online records of the Delaware Division of Corporations list Wellogix, Inc., formed in that state on August 4, 2000.

clause in Wellogix's contract with SAP (the "NetWeaver Agreement").[4]

On April 15, 2010, SAP filed a Complaint for Declaratory Relief against Wellogix, Inc. and Wellogix Technology Licensing LLC (the "Declaratory Judgment Action"), which was assigned to the undersigned judge.[5] SAP sought a declaration of noninfringement and invalidity of five Wellogix patents.[6] In July of 2010, SAP filed *inter partes* requests for reexamination of Wellogix's patents with the United States Patent Office ("PTO").[7] SAP then moved to stay the Declaratory Judgment Action pending the outcome of the PTO reexamination.[8] Wellogix counterclaimed in the Declaratory Judgment Action for infringement of the same patents.[9] On January

---

[4]Memorandum and Order, Case No. G-8-119, Docket Entry No. 54, pp. 4-16.

[5]Complaint for Declaratory Relief, Case No. H-10-1224, Docket Entry No. 1.

[6]Id. at 8-14. SAP later filed another declaratory judgment action, Case No. H-11-2840, which added a sixth Wellogix patent. It was consolidated into the pending Declaratory Judgment Action. See Order, Case No. H-10-1224, Docket Entry No. 72.

[7]Notice of Filing of Requests for Reexamination, Case No. H-10-1224, Docket Entry No. 21.

[8]SAP America, Inc.'s Motion to Stay Pending Reexamination, Case No. H-10-1224, Docket Entry No. 30.

[9]Defendants Wellogix, Inc. and Wellogix Technology Licensing's Amended Answer and Counterclaims, Case No. H-10-1224, Docket Entry No. 38, pp. 9-43.

4, 2011, the court stayed the Declaratory Judgment Action, pending reexamination.[10]

On January 31, 2014, the court ordered the parties to show cause why the Declaratory Judgment Action should remain on the docket, since all of Wellogix's patents-in-suit had been rejected by the PTO and/or the Patent Trial and Appeal Board.[11] Both Wellogix and SAP responded that the court should maintain jurisdiction over the parties' patent dispute until Wellogix had exhausted all of its remedies on reexamination.[12]

However, Wellogix moved to lift the stay in the Declaratory Judgment Action so that Wellogix could (1) file an amended answer and counterclaims for misappropriation and theft of trade secrets and (2) "request that the trade secrets case be severed out and allowed to proceed."[13] SAP responded that because Judge Ellison had dismissed Wellogix's trade secrets claims in 2008, those claims were barred by the doctrines of res judicata and/or collateral

---

[10]Order, Case No. H-10-1224, Docket Entry No. 63.

[11]Order, Case No. H-10-1224, Docket Entry No. 93.

[12]See Accenture LLP's Statement Regarding Dismissal, Case No. H-10-1224, Docket Entry No. 99; Plaintiff SAP America, Inc.'s Statement Regarding the Pendency of this Action, Case No. H-10-1224, Docket Entry No. 100; Wellogix's Opposition to Show Cause Order Regarding Proposed Dismissal of the Case, Case No. H-10-1224, Docket Entry No. 101.

[13]Wellogix, Inc. and Wellogix Technology Licensing, LLC's Renewed Motion to Lift Stay and Request for Entry of Scheduling Order, Case No. H-10-1224, Docket Entry No. 98, p. 3 ¶6.

estoppel.[14] SAP therefore expressed its intent to file a motion to dismiss should Wellogix seek to revive its trade secrets claims.[15]

At a March 14, 2014, hearing, counsel for all parties agreed that the patent review process could take an additional six to eighteen months to complete.[16] The court therefore granted Wellogix's motion to lift the stay, and it set deadlines for filing an amended counterclaim, motion to sever, and for dispositive motions in the severed case.[17]

On March 19, 2014, Wellogix filed its amended answer and counterclaims for patent infringement and theft of trade secrets.[18] Wellogix moved to sever its trade secrets counterclaims under Federal Rule of Civil Procedure 21, the motion was granted, and on March 21, 2014, the counterclaims were docketed as Civil Case No. H-14-741 (the "Severed Case").[19] SAP then moved for summary

---

[14]Plaintiff SAP America, Inc.'s Statement Regarding the Pendency of this Action, Case No. H-10-1224, Docket Entry No. 100, p. 2.

[15]See id. n.1.

[16]See Transcript of Proceedings, Case No. H-10-1224, Docket Entry No. 112, pp. 4-5.

[17]See Hearing Minutes and Order, Case No. H-10-1224, Docket Entry No. 102.

[18]Defendants Wellogix, Inc. and Wellogix Technology Licensing's Amended Answer and Amended Counterclaims, Case No. H-10-1224, Docket Entry No. 104.

[19]Counter-Plaintiff Wellogix, Inc.'s Motion for Severence, Case No. H-10-1224, Docket Entry No. 105; Order on Wellogix, Inc.'s Motion for Severance, Case No. H-10-1224, Docket Entry No. 106;

judgment on Wellogix's severed claims.[20] SAP argued that Wellogix's trade secrets claims were barred by claim preclusion and issue preclusion, or, alternatively, that they should be dismissed for *forum non conveniens* pursuant to the forum-selection clause in the NetWeaver Agreement.[21] After reviewing the parties' briefing and the records on file, the court dismissed Wellogix's trade secrets claims on *forum non conveniens* grounds pursuant to the forum-selection clause in the NetWeaver Agreement.[22]

## II. Pending Motions

After entry of final judgment in Case No. H-14-741, Wellogix filed a Motion for Reconsideration, urging the court to vacate its judgment and dismiss the case for lack of subject matter jurisdiction.[23] SAP then filed a motion in Case No. H-10-1224, arguing that the court should lift the stay, rescind its severance

---

Defendants Wellogix, Inc. and Wellogix Technology Licensing's Amended Answer and Amended Counterclaims, Case No. H-14-741, Docket Entry No. 1.

[20]Motion for Summary Judgment, Case No. H-14-741, Docket Entry No. 8.

[21]Id.

[22]See Memorandum Opinion and Order, Case No. H-14-741, Docket Entry No. 25; Final Judgment, Case No. H-14-741, Docket Entry No. 26.

[23]See Motion for Reconsideration, Case No. H-14-741, Docket Entry No. 27. Although Wellogix invoked diversity jurisdiction in its amended counterclaim, see Defendants Wellogix, Inc. and Wellogix Technology Licensing's Amended Answer and Amended Counterclaims, Case No. H-14-741, Docket Entry No. 1, p. 44 ¶240, the parties now appear to agree that both Wellogix and SAP America are citizens of Delaware for diversity purposes.

of Wellogix's trade secrets claims, and deem all filings in the Severed Case to have been filed in the Declaratory Judgment Action.[24] The court is persuaded that SAP's approach is correct.

A trial court is free to reconsider and reverse interlocutory orders prior to entry of final judgment in a case. Fed. R. Civ. P. 54(b); Stoffels v. SBC Commc'ns, Inc., 677 F.3d 720, 727-28 (5th Cir. 2012). An order to sever under Rule 21 is an interlocutory order. Hoffman v. De Marchena Kaluche & Asociadios, 642 F.3d 995, 998 (11th Cir. 2011). "A district court may modify, or even rescind, such interlocutory orders," Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991), and it may do so "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law," Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990). Whether to revise an interlocutory order is within the discretion of the court. See Stoffels, 677 F.3d at 725. The court is persuaded that its order to sever Wellogix's trade secrets claims, which remains interlocutory, should be rescinded to promote the interests of justice, preserve the court's ruling, and prevent the unnecessary expenditure of additional resources on a matter that has been litigated for seven years.

This court, like Judge Ellison in 2008, determined that Wellogix must bring its trade secrets claims in Germany and entered

---

[24]See Motion to Lift Stay, Case No. H-10-1224, Docket Entry No. 118.

a final judgment dismissing those claims. "Once the district court has proceeded to final judgment, considerations of finality, efficiency, and economy become overwhelming, and federal courts are directed to salvage jurisdiction where possible." Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82, 89 (2d Cir. 2002) (internal quotation marks and citations omitted). Since Wellogix requested severance "without breathing any jurisdictional doubts," it "should be deemed to have consented to [the court's rescission of that order] if necessary to preserve federal jurisdiction." See Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 9 F.3d 1236, 1238 (7th Cir. 1993). In fact, Wellogix "should be required to do so when [its] own carelessness about the requirements of federal jurisdiction was responsible for the case having been allowed to proceed to judgment." See id.

Furthermore, as SAP points out, "[b]efore filing its trade secrets claims in this action (and then seeking severance), Wellogix had filed, dismissed, re-filed, and re-dismissed the same claims against SAP in other proceedings."[25] Vacating this court's dismissal of Wellogix's claims would likely lead to Wellogix again seeking to circumvent a forum-selection clause that two federal courts have found to be mandatory and enforceable. The court

---

[25]Motion to Lift Stay, Case No. H-10-1224, Docket Entry No. 118, pp. 13-14.

agrees that "[t]he equities overwhelmingly favor rescission of the severance order."[26]

For the same reasons, the court will deem all filings in the Severed Case, including the court's Memorandum Opinion and Order and Final Judgment, to have been filed in the Declaratory Judgment Action. District courts have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 82 S. Ct. 1386, 1389 (1962). The parties do not dispute that this authority includes the power to deem pleadings and orders filed in one action to have been filed in another.[27] By doing so in this case, the court preserves the effect of its Memorandum Opinion and Order entered in the Severed Case. Cf. In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 542 (D.C. Cir. 2011) ("[Dismissal of nondiverse parties] allows the district court to save its prior rulings, . . . which otherwise were entered without jurisdiction."). This also avoids a new round of dispositive motions on an issue that has already consumed considerable resources.

Wellogix contends that, even in the Declaratory Judgment Action, this court lacks subject matter jurisdiction over its

---

[26]Id. at 13.

[27]See Wellogix's Opposition to SAP America, Inc.'s Motion for Leave to Lift Stay for Purpose of Rescinding Severance Order, Case No. H-10-1224, Docket Entry No. 120, p. 12 n.1.

state-law counterclaims. Wellogix asserts that (1) the trade secrets counterclaims are permissive and (2) this court previously concluded that Wellogix had not shown any prejudice to its trade secrets claims as a result of the Declaratory Judgment Action proceeding in this forum because those claims stood independently of the patent claims.[28] Wellogix therefore argues that its counterclaims are not part of the same case or controversy as is required for supplemental jurisdiction under 28 U.S.C. § 1367. The court is not persuaded.

Permissive counterclaims are those counterclaims that do not arise out of the same "transaction or occurrence" as the opposing party's claim. Fed. R. Civ. P. 13. Unlike compulsory counterclaims, permissive counterclaims require an independent jurisdictional basis for the court to exercise subject matter jurisdiction over them. Coronado v. D. N.W. Houston, Inc., No. H-13-2179, 2014 WL 2779548, at *3 (S.D. Tex. June 19, 2014). Where, as here, the court has original jurisdiction over other claims in an action, the court may exercise supplemental jurisdiction over state-law claims that form part of the same "case or controversy" under Article III of the United States constitution. See 28 U.S.C. § 1367(a). "Courts have held that under § 1367, even though permissive counterclaims do not arise out of the same transaction and occurrence, they may still form part of

---

[28]See id. at 16-17 (citing Memorandum Opinion and Order, Case No. H-14-741, Docket Entry No. 25, p. 16 & n.46).

the same Article III case or controversy." Coronado, 2014 WL 2779548, at *3 (citing cases).

"The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact." Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 293 (5th Cir. 2010) (internal quotation marks, alteration, and citation omitted). As Wellogix stated to the court when Wellogix requested severance, the patent claims and trade secrets claims "arise out of the same set of operative facts."[29] While "[s]tipulations alone cannot confer jurisdiction," they "can form the factual basis for jurisdiction." E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 330 (5th Cir. 2012). Wellogix previously argued that its counterclaims were part of the same transaction or occurrence, and therefore compulsory.[30] It also stated that "the subject matter of the patents at issue in this declaratory judgment action are the same technology as the trade secrets . . . . Before the patents were issued, the programming and other technology misappropriated by SAP were merely trade secrets, and it was out of this misappropriation and theft that the dispute

---

[29]Counter-Plaintiff Wellogix, Inc.'s Motion for Severance, Case No. H-10-1224, Docket Entry No. 105, p. 2 ¶3.

[30]See Defendants Wellogix Inc. and Wellogix Technology Licensing, L.L.C.'s Response to Plaintiff SAP America's Combined (1) Opposition to Defendants' Motion for Leave, and (2) Motion to Dismiss Amended Pleading, Case No. H-10-1224, Docket Entry No. 75, p. 4-5 ¶5.

between SAP and Wellogix arose."[31]  Wellogix's trade secrets claims share a common nucleus of operative facts with the patent claims. Following rescission of the Severance Order, this court will have subject matter jurisdiction over all of the claims in this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### III.  Conclusions and Order

The court concludes that rescission of its prior severance order in this case will promote the interests of justice, preserve the court's prior rulings, and prevent the unnecessary expenditure of additional resources.

For the reasons stated above, SAP America, Inc.'s Motion for Leave to Lift Stay for Purpose of Rescinding Severance Order (Docket Entry No. 118 in Case No. H-10-1224) is **GRANTED**.

The court's stay in Case No. H-10-1224 is hereby **LIFTED** for the purpose of making the rulings described below.

The court's Order on Wellogix, Inc.'s Motion for Severance (Docket Entry No. 106 in Case No. H-10-1224) is **RESCINDED** and **VACATED**, and Counter-Plaintiff Wellogix, Inc.'s Motion for Severance (Docket Entry No. 105 in Case No. H-10-1224) is **DENIED**.

The party filings and court orders in Case No. H-14-741 are **DEEMED** filed and entered in Case No. H-10-1224 as of the original dates of filing in Case No. H-14-741.  Because the court determines that there is no just reason for delay of final judgment on

---

[31] Id.

Wellogix's trade secrets claims, the court's Final Judgment in Case No. H-14-741 is **DEEMED** entered in Case No. H-10-1224 pursuant to Federal Rule of Civil Procedure 54(b).

The clerk is **ORDERED** to enter all Docket Entries from Case No. H-14-741 on the docket for Case No. H-10-1224 and to preserve original dates of filing for each entry.

Wellogix's Rule 59(E) or Rule 60 Motion for Reconsideration (Docket Entry No. 27 in Case No. H-14-741) is **DENIED** as moot.

The court's stay in Case No. H-10-1224 is continued with respect to all other claims.

**SIGNED** at Houston, Texas, this 9th day of March, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE